UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **AMEREN MISSOURI,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES ENVIRONMENTAL** | ) |
| **PROTECTION AGENCY,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Union Electric Company d/b/a Ameren Missouri ("Ameren Missouri") files this complaint seeking compliance with the Freedom of Information Act, 5 U.S.C.A. §§ 552 *et seq.* ("FOIA"). Pursuant to FOIA, Ameren Missouri requested that the United States Environmental Protection Agency ("U.S. EPA") produce factual emissions data and related calculations pertaining to the allegations U.S. EPA made in the Notices of Violation it propounded on Ameren Missouri on or about January 26, 2010, October 14, 2010, and May 27, 2011 (collectively, the "NOVs") alleging violations of certain Clean Air Act ("CAA") provisions. U.S. EPA has withheld records responsive to Ameren Missouri's request, despite the fact that Plaintiff has a right to access this information through FOIA. Ameren Missouri therefore seeks an Order from this Court directing U.S. EPA to release the documents that the Agency has erroneously withheld. In support of its claim, Ameren Missouri alleges as follows:

## PARTIES

1.  Plaintiff Union Electric Company d/b/a Ameren Missouri is a Missouri corporation with its principal place of business in St. Louis, Missouri, and operates electric generation, transmission, and distribution and natural gas services in Missouri.

2. Defendant United States Environmental Protection Agency ("U.S. EPA" or the "Agency") is an agency of the United States within the meaning of 5 U.S.C.A. § 552(f) and has possession of and control over the records Plaintiff seeks.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C.A. § 1331, 28 U.S.C.A. § 1346(a)(2) and 5 U.S.C.A. § 552(a)(4)(B) (stating that "the district court of the United States in the district in which the complainant resides, or has his principal place of business . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.").

4. Venue is proper in this district pursuant to 5 U.S.C.A. § 552(a)(4)(B).

## STATUTORY BACKGROUND

5. FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C.A. § 552(a)(3)(A).

6. FOIA also provides a private right of action to enforce compliance with a FOIA request, directing that the court shall

> determine the matter de novo, and may examine the contents of such agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action.

5 U.S.C.A. § 552(a)(4)(B).

7. FOIA further provides:

> Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs,

>and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding. The Special Counsel, after investigation and consideration of the evidence submitted, shall submit his findings and recommendations to the administrative authority of the agency concerned and shall send copies of the findings and recommendations to the officer or employee or his representative. The administrative authority shall take the corrective action that the Special Counsel recommends.

5 U.S.C.A. § 552(a)(4)(F).

8. FOIA further provides that the court may award attorney fees and costs to a prevailing plaintiff and that violation of an order to produce documents pursuant to FOIA is punishable as a contempt of court. 5 U.S.C.A. § 552(a)(4)(E),(G).

9. Ameren Missouri has a statutory right under FOIA to the requested records, and no legal basis exists for U.S. EPA's failure to disclose the documents that are responsive to Ameren Missouri's request.

**FACTUAL BACKGROUND**

10. U.S. EPA issued a NOV on January 26, 2010 alleging that certain projects at Ameren Missouri's power plants constituted "major modifications" and thus violated the Clean Air Act's ("CAA") Prevention of Significant Deterioration ("PSD") provisions. 42 U.S.C.A. §§ 7470-92.

11. On October 14, 2010, U.S. EPA issued an amended NOV alleging additional CAA violations at Ameren Missouri's power plants.

12. On January 12, 2011, acting on behalf of U.S. EPA, the U.S. Department of Justice ("DOJ") filed a lawsuit against Ameren Missouri in the U.S. District Court for the

Eastern District of Missouri seeking injunctive relief and civil penalties for violations of the CAA, *U.S. v. Ameren Missouri*, Case No. 4:11-CV-0007-RWS.

13. Thereafter, U.S. EPA sent another amended NOV on May 27, 2011, and on June 28, 2011, DOJ filed an amended complaint in *U.S. v. Ameren Missouri* to make additional allegations regarding the Rush Island Plant.

14. The NOVs constitute U.S. EPA's official findings. See 42 U.S.C.§ 7413(a)(1) (Whenever . . . the Administrator finds that any person has violated or is in violation of any requirement or prohibition of an applicable implementation plan or permit, the Administrator shall notify the person and the State in which the plan applies of such finding."). All of the NOVs make such "Finding of Violations" and allege that the projects at Ameren Missouri's power plants resulted in "significant net emissions increases" of sulfur dioxide, nitrogen oxide, particulate matter, ozone and/or PM2.5 within the meaning of the CAA and the Missouri State Implementation Plan ("SIP"). The NOVs cautioned Ameren Missouri that the very issuance of those administrative determinations could constitute disclosable events under Securities and Exchange Commission requirements and could subject the Company to statutory penalties. Thereafter, Ameren Missouri duly disclosed the issuance of the NOVs in its SEC filings.

15. U.S. EPA did not specify in the NOVs the amount of any alleged emissions increases. Nor did U.S. EPA provide the calculation or even describe the methodology it used to arrive at its conclusion that emissions allegedly increased.

16. To understand the basis for the issuance of the NOVs, Ameren Missouri submitted a FOIA Request to U.S. EPA on July 1, 2011 (Request Number 07-FOIA-0049-11) (the "Request") (attached as **Exhibit A**). Ameren Missouri requested that U.S. EPA produce:

> All documents and information that discuss or memorialize the emission calculations performed or used in connection with

USEPA's findings that the physical changes or changes in the method of operation identified in the NOVs constituted major modifications that cause a significant emissions increase and a significant net emissions increase of sulfur dioxide, nitrogen oxide, particulate matter, particulate matter less than 2.5 micrometers in diameter and/or ozone.

17. The Request sought all data and mathematical equations, including all assumptions, factors and variables, as well as all results, computations and spreadsheets, generated by U.S. EPA in determining whether a "significant increase" or "significant net increase" in emissions occurred at Ameren Missouri's power plants during the period 2000 to 2011 in connection with any of the projects identified in the NOVs. The Request was careful not to seek the work product or mental impressions of U.S. EPA's counsel, but sought only the factual data and information that supported the allegations made in the NOVs.

18. U.S. EPA responded on July 28, 2011 (the "Response") (attached as **Exhibit B**) and issued an adverse determination denying the Request in full. U.S. EPA confirmed it possessed information responsive to the Request, and stated that such information is contained in "approximately 100 spreadsheets and 45 other documents." But U.S. EPA refused to release or specifically describe any of these documents.

19. U.S. EPA claimed that the requested information was protected from disclosure pursuant to two statutory exemptions. The first was 5 U.S.C. § 552(b)(5) ("Exemption 5"), which protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The second was 5 U.S.C § 552(b)(7)(A) ("Exemption 7"), which protects "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings."

20. U.S. EPA bears the burden of establishing the applicability of any claimed statutory exemptions, but in its Response, U.S. EPA did not explain in any way why the exemptions applied to the documents requested.

21. Ameren Missouri has been unable to assess U.S. EPA's claimed exemptions, in part because U.S. EPA also failed to provide a *Vaughn* index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), to explain why each of the withheld documents was protected under the statute.

22. U.S. EPA's Response indicated that its determination to deny the Request was appealable to the National Freedom of Information Officer at the U.S. EPA's FOIA and Privacy Branch.

23. Ameren Missouri timely filed an administrative appeal of U.S. EPA's July 28, 2011 denial letter on August 16, 2011 (attached as **Exhibit C**).

24. U.S. EPA acknowledged receipt of Ameren Missouri's administrative appeal on August 19, 2011 (attached as **Exhibit D**).

25. U.S. EPA received Ameren Missouri's administrative appeal on August 17, 2011, but did not respond within twenty working days as required by the FOIA statute and applicable regulations. 5 U.S.C. § 552(a)(6)(B)(i-iii); 5 U.S.C.A. § 552(a)(6)(C); 40 C.F.R. § 2.104(k),(l).

26. On September 22, 2011, Ameren Missouri received U.S. EPA's response to its administrative appeal. The response (attached as **Exhibit E)** was dated September 16, 2011, and granted in part and denied in part Ameren Missouri's administrative appeal. The response granted the request "with respect to the requested records and portions of records that contain only factual information not subject to exemption under FOIA" and "with regard to some portions of the records because there are reasonably segregable, non-exempt portions of the

records requested." The response denied the request "with respect to the remaining records and information."

27. U.S. EPA did not produce documents in response to Ameren's July 1 Request until October 19, 2011. And even then, it produced only the data and information that Ameren Missouri had previously provided to U.S. EPA, during U.S. EPA's pre-NOV investigation. Even the documents that U.S. EPA did produce were heavily redacted to shield from disclosure the information sought by Ameren's Request. *See, e.g.*, **Exhibit F** hereto.

28. For example, in the federal litigation, U.S. EPA has repeatedly argued that Ameren Missouri is liable under the Clean Air Act because it "should have expected" increased emissions following the Projects at issue. But U.S. EPA failed to allege any facts in its Amended Complaint as to why Ameren Missouri should have expected emissions to increase and failed to allege the nature or amount of any such projection. Ameren Missouri sought those facts in the Request, but U.S. EPA has again refused to provide the requested emissions data or U.S. EPA's calculations thereof.

29. In short, U.S. EPA merely gave back to Ameren Missouri what Ameren Missouri had previously given U.S. EPA. U.S. EPA continues to claim that its calculations of Ameren Missouri's emissions (and the other materials Ameren Missouri requested) are exempt from disclosure, even though those materials are purely factual in nature and serve as the basis for the NOVs and U.S. EPA's contentions that the projects are "major modifications."

30. As to the records that U.S. EPA withheld in its response to the administrative appeal, U.S. EPA again conclusorily claimed that Exemptions 5 and 7(A) applied; however, other than asserting these mere conclusions, U.S. EPA again failed to provide any basis

whatsoever as to why the exemptions applied, despite bearing the burden of establishing the applicability of any claimed statutory exemptions.

31. Furthermore, U.S. EPA again failed to produce a *Vaughn* index in response to Ameren Missouri's administrative appeal. Because U.S. EPA has failed to provide any specific justification for its withholding of any of the documents or redacted information, including but not limited to a *Vaughn* index, Ameren Missouri has been precluded from assessing the validity of U.S. EPA's claimed exemptions.

32. Ameren Missouri has exhausted its administrative remedies.

33. U.S. EPA's response to Ameren Missouri's administrative appeal constitutes the Agency's final determination and therefore is subject to judicial review. 5 U.S.C.A. § 552(a)(4)(B).

## COUNT 1
### (Violation of the Freedom of Information Act)

34. Plaintiff realleges paragraphs 1 through 33 as if fully set forth herein.

35. Plaintiff's Request complies with the requirements under FOIA and applicable U.S. EPA regulations.

36. Plaintiff has a statutory right under FOIA, 5 U.S.C.A. § 552(a)(3) and 40 C.F.R. §§ 2 *et seq.* to inspect and make copies of the requested records, and no valid legal basis exists for U.S. EPA's failure to disclose the documents that are responsive to the Request.

37. Plaintiff has exhausted the applicable administrative remedies with respect to Defendant's withholding of the requested records.

38. Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

WHEREFORE, Plaintiff requests that this Court:

(1) Order Defendant U.S. EPA immediately to make available to Plaintiff all documents responsive to the Request. Alternatively, such documentation should be provided to the Court for an *in camera* inspection;

(2) Order Defendant U.S. EPA to provide a *Vaughn* index describing in detail any documents (or portions thereof) it seeks to withhold on a claim of one of the statutory exemptions or other alleged basis.

(3) Award Plaintiff costs and reasonable attorney fees pursuant to 5 U.S.C.A. § 552(a)(4)(E); and

(4) Award any further relief the Court deems just and proper.

Dated: November 23, 2011                                   Respectfully submitted,

/s/ James J. Virtel

James J. Virtel
ARMSTRONG TEASDALE LLP
7700 Forsyth Boulevard Suite 1800
St. Louis, Missouri 63105
(314) 621-5070
Fax: (314) 612-2298
jvirtel@armstrongteasdale.com

Of counsel:

Ronald S. Safer
Patricia Brown Holmes
Renee Cipriano
Matthew B. Mock
SCHIFF HARDIN LLP
233 South Wacker Drive Suite 6600
Chicago, Illinois 60606